## 37421.   RUSSELL *v.* CITY OF ROME.

Decided November 14, 1958.

654

*Maddox & Maddox, James Maddox,* for plaintiff in error.

*Parker, Clary & Kent, Horace T. Clary,* contra.

TOWNSEND, Judge. ■ A demurrer to the allegation that the water line was connected up "with the consent and agreement of said city" was sustained and the petition amended to show that the agreement was entered into between the plaintiff and the superintendent of the municipal public works department, that petitioner paid the city for the pipe and for all water used in said main, and that on account of these facts the city is estopped to deny that it is not bound by the contract. Demurrers to this paragraph were sustained on the grounds that the authority of such superintendent was not set forth and that the facts alleged do not constitute an estoppel against the city. While it is recited in the brief that the trial court "took judicial notice" of the lack of authority of the city public works superintendent to enter into such a contract, and while this cannot be done, the same result is reached by noting that the plaintiff, upon whom the

burden rested to allege and prove the facts necessary to his recovery, failed to allege any such authority to contract on the part of the official involved. Code § 89-903 states: "Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." Accordingly, the demurrers to paragraph 5 were properly sustained, and the allegations regarding any contractual relationship between the parties were eliminated in their entirety.

■ A general demurrer to the petition was overruled and no exception was taken to that judgment. It is accordingly the law of this case that the petition, the substantial allegations concerning which are set out in the statement of facts, states a cause of action, and it is also the law that, regardless of whether a petition states a cause of action or not, the plaintiff cannot be nonsuited if he proves everything alleged without at the same time disproving by other evidence his right to recover. *Clark* v. *Bandy*, 196 *Ga.* 546 (27 S. E. 2d 17). Code § 110-310. The petition alleges that the pipe involved belongs to him because he purchased and paid for it, and that the acts of the city have "deprived him of his property." The evidence shows that the plaintiff originally owned four lots on which were located dwelling houses, that he procured city water to be run to these houses by purchasing some pipe from a city official, the city then laying the pipe and running water to the houses, which water was purchased and paid for; that shortly after the completion of this work the plaintiff sold the houses and has had nothing further to do with them, and that of the pipe laid about 240 feet is on the premises sold and the rest on territory between those premises and the former city limits. It necessarily follows that, as to that pipe which was actually on premises which the plaintiff owned and which he sold to other persons, the pipe had become a fixture of the property sold and title could not be in him so as to permit him to bring an action on account of injury or damage to it. Code (Ann.) § 3-108, Code § 3-109; Ford Realty &c. Co. *v.* City of Cleveland, 30 Ohio App. 1 (164 N.E. 62); Trentman *v.* City and County of Denver, Col., 236 Fed. 2d 951.

As to the pipe between the premises and the city water main,

the question arises as to whether the plaintiff is suing the city for a breach of a contract of sale of this pipe to him, or whether the petition sounds in tort because of injury to his property, or to some legal right which he possessed. All allegations concerning his contract with the city having been stricken on demurrer, the petition, which under the law of the case states a cause of action, can do so only in tort because of the allegations therein that the city has appropriated the plaintiff's property and deprived him of its use. The evidence fails to show that the use for which the pipes were intended—that is, the servicing of the four houses with water—had in any way been diminished or interfered with, and the petition, construed as sounding in tort, thus totally fails to show any appropriation by the city resulting in deprivation to the plaintiff or even to the plaintiff's privies in estate. Having failed in this respect, the plaintiff has not proved his case as laid and the trial court did not err in granting a nonsuit.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*